IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| SEAN HARRISON,<br>individually and on behalf of all others<br>similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>HOG TAXI, LLC;<br>MELISSA REYONLDS; and<br>TIMOTHY REYNOLDS.<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case. No. 5:19-cv-5025-TLB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE IN OPPOSITION TO MOTION FOR**
**CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

Defendants Hog Taxi, LLC, Melissa Reynolds, and Timothy Reynolds ("Defendants") come before this Court and for their Response in Opposition to the Plaintiff's Motion for Conditional Collective Action Certification state:

## I.    INTRODUCTION

Sean Harrison filed this action on February 7, 2019, individually, and as a presumptive Collective Action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* He moved for Conditional Certification on July 17, 2019. At issue is whether Mr. Harrison has sufficiently evidenced that he is similarly situated to other employees who want to join this action. Because he has provided no facts or admissible evidence that any other person is interested in joining this action – and because his affidavit, depositions, and the pleadings fail to evidence that any other driver for the Defendants was not paid an amount equivalent to minimum wage, Mr. Harrison has not met his lenient burden. The Court should deny Mr. Harrison's request to send notice to all persons who worked as drivers for the Defendants at any time during the three-year period preceding this case.

## II.     ARGUMENT AND ANALYSIS

### A.     Legal Standard

29 U.S.C. section 216 (b) provides, in relevant part:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

The Fair Labor Standards Act provides that an employee may bring an action for herself and other employees "similarly situated." *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007) (citing 29 U.S.C. § 216(b)). In these actions, Courts have the discretion, in appropriate cases, to issue orders authorizing notice to potential members of the collective action of the opportunity to "opt-in" to the action. *Hoffman-La Roche Inc. v. Spering*, 493 U.S. 165, 169 (1989).

"Though the Eighth Circuit Court of Appeals has not indicated which standard should be used to determine whether potential opt-in plaintiffs are 'similarly situated,' a majority of the district courts in the Eighth Circuit use the two-step analysis adopted in *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir.1995)." *Id.* (citing *Davis v. Novastar Mortgage, Inc.,* 408 F. Supp.2d 811, 815 (W.D. Mo. 2005); *Kalish v. High Tech Institute, Inc.*, 2005 WL 1073645 (D. Minn. 2005); *Dietrich v. Liberty Square L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005); *McQuay v. American Int'l Group, Inc.,* 2002 WL 31475212 (E.D. Ark. 2002)); *see also Knaak v. Armour-Eckrich Meats, LLC*, 991 F. Supp.2d 1052, 1058 (D. Minn. 2014); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940, (W.D. Ark. 2007) (applying the two-step process).

"To determine whether employees are similarly situated, a district court considers several factors, including the following: (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices;

2

and (5) the extent to which the acts constituting the alleged violations are similar." *Wheeler v. Baxter Healthcare Corp.*, 2011 WL 5402446, No. 4:11CV00263 (E.D. Ar. Nov. 8, 2011), citing *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001). Plaintiffs can satisfy their burden by presenting detailed allegations supported by affidavits, but they "may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations.'" *Butcher v. Delta Memorial Hospital*, 2013 WL 1668998 at *2, No. 5:12CV000241 SWW, (E.D. Ark. April 17, 2013) (quoting *Littlefield v. Dealer Warranty Servs.*, LLC, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) (citation omitted)).

While the merits of the Plaintiff's claims are not considered [at this stage], Plaintiffs meet their burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs **together were victims** of a common policy or plan that **violated the law**." (emphasis added), *Wheeler* at *2 (quoting *Kautsch,* 504 F. Supp.2d at 689)(citing *Realite v. Ark Restaurants Corp.*, 7 F. Supp.2d 303, 306 (S.D. N.Y. 1998); *Davis*, 408 F. Supp.2d at 815). "The plaintiffs can satisfy their burden through the use of affidavits, supported by admissible evidence." *Id.* (quoting *Jost v. Commonwealth Land Title Ins. Co., No.* 4:08CV734, 2009 WL 211943, at *2-3 (E.D. Mo. Jan. 27, 2009)).

Supporting evidence "***should*** include evidence that other similarly situated individuals desire to opt in to the litigation because others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 892 (N.D. Iowa 2008) (emphasis added) (internal citations, quotation marks, and alterations omitted). "Simply put, a plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) relying upon *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562, 1567 (11th Cir.1991)("a district court "should satisfy itself that there are other employees . . . who desire to `opt-in'" before

conditionally certifying a collective action").

### B. Mr. Harrison's Motion Fails to Include Admissible Evidence that Others Desire to Opt In.

In his Motion, Mr. Harrison makes much of the manner of payment for each taxi driver.[1] While Hog Taxi, LLC pays each taxi driver fifty percent (50%) of each run he or she takes, and while there are deductions from that percentage for certain fees and expenses (dispatch, vehicle lease, gas, etc.), Mr. Harrison has failed to evidence through admissible evidence that any of Defendants' current or former drivers desire to opt into this action. Mr. Harrison's Motion vaguely alleges interest in one sentence of his twenty (20) page brief, stating:

> "Plaintiff estimates that Defendants have employed at least ten (10) taxi drivers since February 7, 2016, who would be interested in joining this lawsuit. Decl. Harrison ¶ 16–17."

ECF Doc. No. 36 at. P. 9.  Also interesting is the content of Mr. Harrison's affidavit upon which he relies for that proposition.  It states:

> "17. Based on my experience and conversations with other taxi drivers for Defendants, I believe that at least ten other taxi drivers would be interested in participating in this lawsuit."

ECF Doc. No. 35-7 at ¶ 17.  Mr. Harrison offers no facts or evidence – besides believed estimates based on unattributed hearsay – that that other similarly situated individuals desire to opt in to the litigation. As the District Courts in Arkansas have found, others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants.  *See Parker, Wheeler,* and *Butcher, supra (see also Dybach, supra*; *,Alvarez v. Sun Commodities, Inc.*, 2012 WL 2344577, *2 (S.D. Fla. 2012); *Johnson v. VCG Holding Corp.*, 802 F. Supp.2d 227, 239 (D. Me. July 25, 2011); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010); *Salazar v. Agriprocessors, Inc.*,

---

[1] It is notable that Mr. Harrison does not distinguish in his Motion that there are taxi drivers who own his or her own vehicle and that they are compensated differently accordingly.  Should the Court Conditionally Certify a Collective Action Class here, those individuals should be excluded. See ECF Doc. 35-9, Melissa Reynolds Deposition at Pg. 5-6.

2008 WL 782803 (N.D. Iowa 2008); *Saxton v. Title Max of Alabama, Inc.*, 431 F. Supp. 2d 1185, 1187 (N.D. Ala. 2006)).

To require Mr. Harrison to merely show that potential plaintiffs exist, rather than requiring him to show that those potential plaintiffs desire to opt in, would:

> "[R]ender preliminary class certification automatic, as long as the Complaint contains the magic words: "Other employees similarly situated." Under this rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every . . . employee[]. This is, at best, an inefficient and over-broad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant. . . . More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset."

*Parker, supra,* at 1165. As the Eastern District of Arkansas and those throughout the 8th Circuit have found, the Courts, as well as practicing attorneys, have a responsibility to avoid the "stirring up" of litigation through unwarranted solicitation. *Butcher*, *supra* at *3. "Plaintiffs must do more than speculate that putative opt-in plaintiffs would be interested in joining a collective action. Without such a requirement, the parties and the Court could waste valuable resources issuing notice to potential plaintiffs only to find the case cannot proceed as a collective action." *Id.* Because Mr. Harrison has failed to show through admissible evidence this desire exists, his Motion should be denied.

### C. Mr. Harrison Has Not Adequately Shown the Defendants' Pay Practices to be Unlawful.

Even though the merits of the Plaintiff's claims may not be considered at this stage, Mr. Harrison is still required to meet his burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs **together** were victims of a common policy or plan that **violated the law**." (emphasis added), *Wheeler* at *2 (citations and quotations omitted). While "the Court does not make findings on legal issues or focus on whether there has been an actual violation of the law (*see In re Pilgrim's Pride Fair Labor Stds. Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *6–9 (W.D. Ark. Mar. 13, 2008) (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d

1095, 1106-1107 (10th Cir. 2001)), the question remains whether there is evidence that the prospective Plaintiffs were victims of a common policy or plan that violated it.

Here, Mr. Harrison alleges, without support or citation, that the Defendants' pay practices were unlawful as to all of their taxi drivers. Alleging that "[b]ecause of Defendants' uniform practice of taking multiple deductions from Taxi Drivers' gross wages per week, Taxi Drivers are not paid lawful minimum wages for all hours worked in one week." ECF Doc. 36 at 9. Indeed, Mr. Harrison, using documents provided in initial disclosures, has attempted in his Second Amended Complaint to recount his hours to evidence certain weeks he claims not to have been paid minimum wage. ECF Doc. 28 at ¶ 38. He has offered no evidence, however (other than his speculation), that any other driver's renumeration did not equal minimum wage for the hours worked in any given workweek. He has failed to make a modest factual showing that any drivers were victims of any unlawful practice.

Mr. Harrison instead relies upon blanket statements alleging that Defendants' practices of payment by commission subject to certain deductions are somehow unlawful. He offers no support for that contention because there is none. The FLSA contains no prohibition on payment of wages by commissions subject to deductions as long as the total paid equals minimum wage for all hours worked.

While Mr. Harrison is correct that at this stage the Court does not resolve contradictory evidence, here the Plaintiff offered no evidence to contradict. In short, there is no evidence that any of the potential opt-in plaintiffs were **victims** of a common plan or policy that **violated the law**. *Wheeler*, *supra* at *2. His Motion should be denied accordingly.

> **D.** **Alternatively, the Defendants Object to the Forms and Content of the Proposed Notices to Notify Potential Opt-Ins and Seek to Form an Agreed Notice with Plaintiff In Lieu of That Proposed by Him.**

Should this Court Order the drivers of the Defendants be conditionally certified as a collective action, the Defendants understand that each will be notified of their right to opt-in. For

the most part, there is no objection to the notices proposed at ECF Docs. 35-1 and 35-3. However, the Defendants object to the following selected language in the proposed notices.

**From ECF Doc. 35-1 – Proposed Notice of Right to Join Lawsuit:**

(3) Description of the Lawsuit: "…*This case has not been set for trial. If the case is not settled between the parties, a trial will be held at the United States District Court for the Western District of Arkansas in Fayetteville*."

Comment:  This case is set for trial during the August 24, 2020 trial term.  Further, any reference to "settlement" should be stricken as it minimizes the magnitude of the endeavor that each opt-in Plaintiff is taking by joining as a Plaintiff obligated to participate as any other Plaintiff would in an action he or she filed.

(4) Composition of the Class:  *"… all taxi drivers who were employed…"*

Comment:  The Plaintiff has failed to carve out drivers that own his/her own vehicle, receive a higher commission rate, and do not pay vehicle or other fees.  This description should not include them as there is no evidence presented that any have not been paid minimum wage.  See Deposition of Melissa Reynolds, ECF Doc 35-9 at Pgs. 5-6.  An additional dispute in this case is the employment status of each potential driver opt in.  This would be more fairly drafted excluding any inference that any independent contractor was or is actually an employee.

(6) Effect of Joining this Suit:  *"…You will not be required to pay attorney's fees directly…"*

Comment:  While the Court has held that attorneys' fees are not costs, to a lay person , this reference to attorney's fees is misleading considering the 8th Circuit's recent holding in *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 783 (8th Cir. 2016) that a prevailing defendant may be entitled to the recovery of costs in an FLSA case.  It also misrepresents the reality that the Plaintiff's counsel may seek fees calculated by the "percentage of the fund" method by which attorneys' fees may be calculated based on a percentage of the recovery of any collective action class – which if settled inherently lends itself to none of the opt in plaintiffs being made entirely

whole.  *See e.g. Blume vs. Intn'l Services, Inc.* No. 4:12 CV 165 DDN (ED Mo., September 2, 2014).

**From ECF Doc. 35-3 – Proposed Text of Electronic Transmissions**

Comment:  While the text of the proposed electronic transmission is generally agreeable (see below), Mr. Harrison has shown no reason to send the email twice from two different email addresses (once from Mr. Sanford and one from RightSignature.com directly).  One email, from one sender, should be sent– if email is approved at all.

Mr. Harrison recognizes the small collective action size (referencing ten or so drivers in his Motion) such that the need for electronic notice is not clear.  Absent difficult circumstances or unreliable mailing information for potential opt-ins, email notice simply is not warranted.  Should the Plaintiff come forward after receiving a significant number of returns or undeliverable mailings, that analysis may change.  For now, though, this effort seems to be overkill for such a small potential class.

The Defendants also object to the subject line and portions of the body of the proposed email as drafted by Mr. Harrison.  For fairness, it should be the same as the heading on the Notice delivered by regular mail and should not provide "color" to the claim.  The use of the phrase "Court Notice of Unpaid Wage Lawsuit" implies a finding by this Court that has not occurred.  The use of the same phrase in the body of the email is similarly misleading.  Should email notice be authorized, it should be revised for clarity as to the state of the proceedings and nothing more.

### III.   CONCLUSION

The Plaintiff has not adequately evidenced that the Defendants' drivers are similarly situated to him and has failed to evidence that any of them would or have any interest in joining this action.  Because of these failures, his Motion should be denied.  Should his Motion be approved, the Defendants ask this Court to consider their objections to the proposed notice language offered by the Plaintiff.

WHEREFORE, the Defendants Hog Taxi, LLC, Melissa Reynolds, and Timothy Reynolds pray this Court Deny the Plaintiff's Motion for Conditional Collective Action Certification and for all other relief to which they may be entitled.

**Respectfully Submitted,**

**Hog Taxi, LLC, Melissa Reynolds, Timothy Reynolds
Defendants**

BY:  /s/George M. Rozzell IV  
George M. Rozzell IV AR Bar No. 2008032  
Jenna R. Fogleman, AR Bar No. 2015150  
Keith, Miller, Butler, Schneider & Pawlik, PLLC  
224 S. 2nd St., Rogers, AR  
T: 479.621.0006      F: 479.631.6890  
grozzell@arkattorneys.com  
jfogleman@arkattorneys.com  

## **CERTIFICATE OF SERVICE**

I, George Rozzell, hereby certify that on this 30th day of July 2019, I caused the foregoing filing to be delivered to the Plaintiff through his designated counsel through the Court's electronic filing system.

BY:  /s/George M. Rozzell IV  
George M. Rozzell IV