IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SEAN HARRISON, Individually and on**                                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                            No. 5:19-cv-5025-TLB

**HOG TAXI, LLC, MELISSA REYNOLDS**                                **DEFENDANTS**
**and TIMOTHY REYNOLDS**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Sean Harrison, individually and on behalf of all others similarly situated, and Defendants Hog Taxi, LLC, Melissa Reynolds and Timothy Reynolds, by and though their undersigned counsel, and jointly submit the following Joint Motion for Approval of Settlement Agreement:

1. Named Plaintiff filed this action on February 7, 2019, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq.* as a collective action. *See* ECF No. 1. On an individual and collective basis, Named Plaintiff asserted that Defendants failed to pay Named Plaintiff and other Taxi Drivers a lawful minimum wage and proper overtime premium for all hours they worked in excess of forty hours per week. Named Plaintiff amended his Complaint to remove the overtime violation claims. *See* ECF No. 9. Named Plaintiff also sought liquidated damages and attorneys' fees. *Id.* Defendants argued that Named Plaintiff and other Taxi Drivers were properly classified as independent contractors and thus not entitled to the minimum wage and overtime protections under the FLSA and AMWA. *See* ECF Nos. 20, 21.

2.  On September 10, 2019, this Court conditionally certified a group of all Taxi Drivers employed by Defendants at any time since February 7, 2016. *See* ECF No. 41. Following distribution of notice, three other individuals opted into the litigation, for a total of four Plaintiffs. (Named Plaintiff and the three Opt-in Plaintiffs are hereinafter collectively referred to as "Plaintiffs").

3.  During the course of this litigation, the Parties have engaged in extensive discovery regarding Plaintiffs time records, training records, job duties, compensation, and issues related to the underlying merits of Plaintiffs' claims and Defendants' defenses.

4.  Following extensive negotiations between counsel at a Settlement Conference with Magistrate Judge Ford, the Parties have entered into a Settlement Agreement and Release of Claims (Settlement Agreement) resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit A.

5.  Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

6.  The Parties request the Court's review and approval of the Settlement and issuance of an Order approving the Settlement as fair, adequate and reasonable.

7.      If approval is required, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

8.      If a proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

9.      Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. Plaintiffs claim that Defendants classified them as independent contractors and paid them a commission on each taxi ride during a shift, regardless of the number of hours worked, and therefore failed to pay Plaintiffs a lawful hourly wage. Plaintiffs specifically claim that this practice resulted in Defendants not paying Plaintiffs a proper minimum wage for hours during which they were performing labor for the Defendants. Defendants deny these allegations.

10. The settlement follows litigation, including the sharing of all available time and pay records, by experienced counsel representing both Parties. The Parties attended a settlement conference before United States Magistrate Mark E. Ford, where the Parties reached a settlement of all claims (the terms of which are embodied in the Settlement Agreement). The Settlement covers only employees who opted into this case and consented to be bound by any settlement reached by the Parties.

11. Pursuant to the Settlement Agreement, Plaintiffs are receiving credit for amounts owed for their work performed while under employment of Defendants, based on a compromise of the total potential exposure. Defendants' exposure for potential damages were calculated by identifying the total number of hours worked each week, the total number of deductions taken, and the gross wages earned. If the resulting hourly rate fell below the legal minimum wage for that year, the damages were the difference between the legal minimum wage and the actual hourly rate received that week. To the extent that such documents were not available or produced, Plaintiffs used their best estimates of their hours and pay as necessary to calculated damages. Named Plaintiff and his counsel have specifically weighed the potential value of the claims based on information gathered from Plaintiffs and Defendants related to the alleged minimum wage violation against the potential for receiving nothing at trial. From this, named Plaintiff and his counsel have concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendants' denial of the claims. For the purposes of settlement, the Parties further agree that the total sum to each Plaintiff represents a fair compromise due to the lack of formal records regarding

total hours worked, deductions taken, gross wages earned each week, and lack of certainty over whether Plaintiffs were properly classified as independent contractors.

12. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). Plaintiff's Counsel will submit its Petition for Costs and Attorneys' Fees on the same day as the filing of this Joint Motion.

13. Accordingly, Plaintiffs and Defendants jointly seek the Court's approval of the Settlement Agreement.

WHEREFORE, Named Plaintiff, each individually and on behalf of others similarly situated, and Defendants request that the Court enter an Order approving the Settlement Agreement, and for all other relief to which they may be entitled.

Respectfully submitted,

**PLAINTIFF SEAN HARRISON,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**HOG TAXI, LLC, MELISSA REYNOLDS
and TIMOTHY REYNOLDS, DEFENDANTS**

MILLER, BUTLER, SCHNEIDER &
PAWLIK & ROZZELL, PLLC
224 South 2nd Street
Rogers, Arkansas
Telephone: 479-621-0006

Jenna R. Fogelman
Ark. Bar No. 2015150
jfogleman@arkattorneys.com

/s/ George Rozzell
George Rozzell
Ark. Bar No 2008032
grozzell@arkattorneys.com