## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is effective this 10th day of September 2020 and is by and between Sean Harrison ("Plaintiff"), individually and as representative of those similarly situated who filed Consents to Join Collective Action, and Hog Taxi, LLC ("Hog Taxi"), Melissa Reynolds, and Tim Reynolds ("Defendants"). Those who filed Consents to Join Collective Action are referred to as "Opt-in Plaintiffs."

WHEREAS, Plaintiff has asserted claims against Defendants relating to his working relationship with Defendants, by filing a lawsuit against Defendants in the United States District Court for the Western District of Arkansas, Case No. 5:19-cv-05025-TLB ("the Action"); and

WHEREAS, Defendants have denied Plaintiff's allegations and have denied liability for the claims asserted in the Action; and

WHEREAS, the parties, as a result of negotiations on their behalf by their respective counsel, have agreed to settle any and all claims between the parties, in order to avoid the expense, delay and risk of litigation.

WHEREAS, this agreement is made as a compromise between parties for the complete, and final settlement of the claims, differences and causes of actions raised by Plaintiff in this Action.

## RECITALS

The parties recite the following procedural facts that predate this Agreement:

On February 7, 2019, Plaintiff filed his initial Complaint against Defendants alleging violations of the Fair Labor Standards Act, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. Thereafter, their Complaint was amended on two occasions.

On May 20, 2019, Defendants filed their Answer to the Second Amended Complaint denying all allegations of the Complaint and asserting certain defenses.

On June 12, 2020, the parties participated in mediation conducted by U.S. Magistrate Judge Mark Ford. After balancing the benefits of settlement with costs, risks, and delay of

continued litigation, all parties believe the settlement as provided in this Agreement is in the best interests of the parties and represents a fair, reasonable, and adequate resolution of the Action.

## SETTLEMENT TERMS

1. In consideration of the signing of this Agreement by Plaintiff, and in consideration of the fulfillment of the promises contained herein, Hog Taxi agrees to pay the Plaintiff and Opt-in Plaintiffs individually for settlement of their claims raised under the Arkansas Minimum Wage Act and the Fair Labor Standards Act. Subject to Court approval and award, Hog Taxi agrees to pay Plaintiff's attorneys Sanford Law Firm, PLLC, any costs and attorneys' fees, which may be found reasonable by the Court and awarded by it upon Plaintiff's filing of a Motion for Fees and Costs. Hog Taxi, LLC's obligation under these settlement terms extends to any and all successors in interest, assigns, beneficiaries, donees, and subsidiaries of Hog Taxi regardless of whether such successors, assigns, beneficiaries, donees or subsidiaries are non-profit or for profit, are corporations, partnerships, sole proprietorships, companies of any limited liability designation, any other business enterprises recognized by the IRS as a business enterprise, or individuals, in any combination or number, and regardless of what type of business such successors, assigns, beneficiaries, donees or subsidiaries operate. Hog Taxi and its successors, assigns, beneficiaries, donees and subsidiaries, remain obligated to carry out the these settlement terms despite any merger, de facto merger, transfer or sale (in whole or in part), cessation of business operations, cessation of operations as a taxi cab company, or insolvency. Plaintiff hereby waives any claim that any attorneys' fees and costs sought from the Court shall be attributable to either Separate Defendants Tim or Melissa Reynolds individually, unless they become the sole remaining successors, beneficiaries, assigns, donees, or subsidiaries of Hog Taxi and Hog Taxi defaults on its obligations under this Agreement. Hog Taxi does not hereby waive the right to dispute such fees and costs claimed by Plaintiff or Plaintiff's Counsel as being reasonable or necessary. Plaintiff agrees that any other claims raised in this action shall also be dismissed with prejudice without specific renumeration therefore as required below. Regardless of attorney's fees or costs,

each Plaintiff shall receive the total amount stated below. These amounts shall be payable as follows:

$7,000.00 to Sean Harrison;

$4,000.00 to Jeremy Foster;

$1,000.00 to Thomas Day; and

$241.25 to Angela Whitehorn.

2. The settlement payments to Opt-in Plaintiffs Angela Whitehorn and Thomas Day by Hog Taxi, LLC shall be delivered within fourteen (14) days of approval of this Agreement to Sanford Law Firm, PLLC, One Financial Center, 650 S. Shackleford, Suite 411, Little Rock, Arkansas 72211, subject to the provisions herein that require delivery of certain tax forms to Defendants prior to payment.

3. After final approval of this Agreement, Hog Taxi shall execute promissory notes payable to Jeremy Foster and Sean Harrison respectively for the amounts set forth in Paragraph 1, with monthly payments in the amount of $291.66 for Sean Harrison ($7000 amortized over 24 months) and $166.66 for Jeremy Foster ($4000 amortized over 24 months) to be delivered to Sanford Law Firm, PLLC ("Plaintiff's Counsel"), One Financial Center, 650 S. Shackleford, Suite 411, Little Rock, Arkansas 72211 on the first day of the first month following the approval of this Settlement by the Court and all subsequent payments to be paid on the first day of the first month thereafter, and subject to the provisions herein that require delivery of certain tax forms to Defendants prior to payment. Such payments to Foster and Harrison shall be amortized over a two-year period.

4. The Parties agree that Plaintiff's Counsel may have fourteen days after submission of the motion to approve this Agreement to submit their motion for fees and costs. Defendants agree not to oppose any extension that Plaintiff's Counsel may request to file their motion for fees and costs, and Defendants agree that Plaintiff's Counsel may file any such extension requests as unopposed.

5. After any award of fees and costs, Hog Taxi shall execute a promissory note payable to Plaintiff's Counsel, for the amount approved by the Court with monthly payments to be delivered to Sanford Law Firm, PLLC ("Plaintiff's Counsel"), One Financial Center, 650 S. Shackleford, Suite 411, Little Rock, Arkansas 72211 on the first day of the first month following the award of fees and costs and all subsequent payments to be paid on the first day of the first month thereafter. Such payments to Plaintiff's Counsel shall be amortized over a two-year period.

6. All payments, due to the disputed nature of the claims made herein, shall be deemed taxable, non-wage income, shall not be subject to ordinarily payroll withholdings, and shall be reported on IRS form 1099, box 3.

7. Should Hog Taxi, LLC default on its payment obligations hereunder to any Plaintiff or to Plaintiff's Counsel for alleged damages or attorney fees and costs by failing to pay the full monthly amount owed on the first of each month, such Plaintiff is entitled to the entry of a consent judgment against Hog Taxi and any successors in interest, assigns, beneficiaries, donees, and subsidiaries, with service having been waived, to the immediate payment of the then present outstanding balance owed to that individual Plaintiff or to Plaintiff's Counsel. Plaintiff, Opt-in Plaintiffs, or Plaintiff's Counsel may elect or not elect to enter a consent judgment upon default in their sole discretion. Upon default, Defendants shall cooperate and act as necessary to obtain the entry of a consent judgment and to identify any successors in interest, beneficiaries, assigns, donees, and subsidiaries against whom judgment may be entered.

8. Hog Taxi shall reissue lost, stale or damaged checks at no cost upon request from Plaintiff's counsel.

9. Plaintiff and Opt-in Plaintiffs, individually and on behalf of themselves, their agents, representatives, assigns, heirs, executors, and administrators, hereby irrevocably release and discharge Hog Taxi, LLC, and its current and former managers, affiliates, parent corporations, subsidiaries, divisions, successors, assigns, administrators, directors, officers, employees, from any and all claims and rights that were asserted in the Action, including claims for wages,

bonuses, commissions, penalties, liquidated damages, interest, attorneys' fees, costs or litigation expenses under the Fair Labor Standards Act, Arkansas state wage law, and Arkansas state law claims related to wages, bonuses and commission entitlement.

10. Defendants represent and warrant that there are currently no successors in interest, assigns, beneficiaries, donees, and subsidiaries of Hog Taxi regardless of whether such successors, assigns, beneficiaries, donees or subsidiaries are non-profit or for profit, are corporations, partnerships, sole proprietorships, companies of any limited liability designation, any other business enterprises recognized by the IRS as a business enterprise, or individuals, in any combination or number, and regardless of what type of business such successors, assigns, beneficiaries, donees or subsidiaries operate.

11. Defendants represent and warrant that there have been no successors in interest, assigns, beneficiaries, donees, and subsidiaries of Hog Taxi regardless of whether such successors, assigns, beneficiaries, donees or subsidiaries are non-profit or for profit, are corporations, partnerships, sole proprietorships, companies of any limited liability designation, any other business enterprises recognized by the IRS as a business enterprise, or individuals, in any combination or number, and regardless of what type of business such successors, assigns, beneficiaries, donees or subsidiaries operate, since June 12, 2020.

12. Defendants represent and warrant that they are currently operating a taxi business and that they has not failed to do any act required by law or contract to continue operating a taxi business.

13. Defendants represent and warrant that, since July 1, 2020, and on the first of each month after July, until the signing of this Agreement, Hog Taxi has paid to its attorney the amount of $200.00 to be held in trust toward the payment of its obligations under this Agreement.

14. Hog Taxi shall continue to make payments of $200.00 per month to its attorney to be held in trust toward the payment of its obligations under this Agreement after this Agreement is submitted for approval but before it is approved. After approval of this Agreement, Hog Taxi,

shall deliver the entire amount held in trust to Plaintiff's Counsel to be distributed in accordance with this Agreement. Immediately thereafter and beginning the first of each month, Hog Taxi shall make settlement payments as set forth within this Agreement and in accordance with the promissory notes payable to Sean Harrison, Jeremy Foster, and Plaintiff's Counsel.

15. This Agreement is contingent upon the Court's approval of this settlement as required under the Fair Labor Standards Act. The parties agree to cooperate to obtain such approval.

16. The parties agree that this Agreement does not constitute any admission of fault, wrongdoing, responsibility or liability on the part of Defendants. Plaintiff further agrees and acknowledges that Defendants have denied, continue to deny and will deny all allegations of any wrongdoing relating to Plaintiff's claims, including those asserted in the Action.

17. The parties agree to submit to the Court a Joint Motion for Approval of Settlement, seeking an Order from the Court, inter alia: 1) approving the terms of the parties' settlement as described in this Agreement, 2) providing for application of the Release set forth in paragraph 7 of this Agreement to apply to Plaintiff and Opt-in Plaintiffs, and 3) dismissing the Action with prejudice as to all Defendants after the entry of an order on Plaintiff's motion requesting attorneys' fees and costs.

18. After approval of this settlement by the Court, each Plaintiff or Opt-in Plaintiff receiving a settlement amount of $600.00 or greater will provide to Plaintiff's Counsel an executed IRS form W-9. Each Plaintiff further agrees that to the extent that any federal or state taxes of any kind may be due or payable as a result of the payment to him referred to above, each Plaintiff will be responsible for the payment of such taxes and will hold Defendants harmless in the event of any claim against them for payment of income or the employee's share of payroll taxes. Plaintiff's Counsel will then provide such executed documents to Defendants' counsel in order to process payment.

19. Defendants shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiff of Opt-in Plaintiffs. If a reference from a prospective employer is sought from Defendant, Defendant shall provide the reference within a reasonable time, and shall provide only dates of employment, last salary and last position or title.

20. This Agreement is intended by the Parties to be binding on them and to serve as the formal documentation of the terms of their settlement.

21. This Agreement is deemed by the Parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas.

22. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

23. This Agreement, together with the three promissory notes referenced herein, contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by the Parties.

24. If either Party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then that Party may present this Agreement to the United States District Court for the Western District of Arkansas, Fayetteville Division, for purposes of obtaining appropriate relief. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

25. The Parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree

that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all Parties for their records.

26. This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

WHEREFORE, the parties have affixed their signatures below to acknowledge their agreement with the above provisions.

Dated: September 10, 2020

*[signature]*
Sean Harrison, Named Plaintiff

*[signature]*
Tim Reynolds, on behalf of Hog Taxi, LLC, Named Defendant

*[signature]*
Tim Reynolds, Named Defendant

*[signature]*
Melissa Reynolds, Named Defendant.