IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SEAN HARRISON, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 5:19-cv-5025-TLB

**HOG TAXI, LLC, MELISSA REYNOLDS**     **DEFENDANTS**
**and TIMOTHY REYNOLDS**

### PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES

COMES NOW Plaintiff Sean Harrison ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys of Sanford Law Firm, PLLC, and for his Motion for Costs and Attorneys' Fees states as follows:

1. Plaintiff filed this case on February 07, 2019, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*, to recover unpaid wages.

2. Following discovery, motion practice, a period for joining opt-in plaintiffs, amended pleadings, and vigorous settlement negotiations, the parties entered into a settlement agreement that reserved the issue of attorneys' fees.

3. Despite negotiations, the parties were unable to agree upon a reasonable amount of attorneys' fees and costs. Accordingly, Plaintiff presents the Court with his request for an award of these items.

4. The FLSA requires that in an action for unpaid minimum wages under the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs,

Page 1 of 4
Sean Harrison, et al. v. Hog Taxi, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5025-TLB
Plaintiff's Motion for Costs and Attorneys' Fees

allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

5. Similarly, the AMWA provides that a court may award costs and reasonable attorneys' fees against "[a]ny employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a).

6. As explained in the briefing, a reasonable fee is the product of attorney hours and the market rate of the attorneys. The Eighth Circuit has not asked this Court to interpose its own opinion about what hourly rates for attorneys should be, but instead has directed the district courts to determine, as best they can, what the market is saying is the reasonable hourly rate for attorneys. *See Estes v. Buell*, Case No. 4:18-cv-00026-KGB, Doc. No. 50 (E.D. Ark., Filed 5/25/2020) (identifying hourly rates awarded in Arkansas district courts and the Eighth Circuit of $300.00, $350.00 and $400.00)

7. As shown on the Billing Spreadsheet attached hereto as Exhibit 1, Plaintiff incurred $49,836.00 in attorneys' fees through September 10, 2020, to successfully litigate the claims. Plaintiff categorized and summarized billing by attorney and category of work for the Court's convenience in reviewing this request.

8. Further, Plaintiff's counsel reviewed and edited the billing for charges that might have been considered as excessive, redundant, or otherwise unnecessary or appropriate for reduction. Through the exercise of billing judgment, Plaintiff's counsel identified $17,538.50 in fees that Plaintiff has chosen to exclude from the total amount requested in this fee petition—not because the stated work was not performed, and not because the work was not done efficiently. This self-auditing is done so that the Court

Page 2 of 4
Sean Harrison, et al. v. Hog Taxi, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5025-TLB
Plaintiff's Motion for Costs and Attorneys' Fees

can grant this Motion as written, and without need for any further reductions of any kind. Plaintiff has already reduced the invoice by more than enough.

9. After subtracting the fees described above, Plaintiff is requesting an award of $32,297.50 in attorneys' fees, based on a reduction in billable hours of 42.31%.

10. As shown in detail on Plaintiff's Costs Invoice (Exhibit 3), Plaintiff also incurred $1,454.90 in costs other than attorneys' fees during litigation. Plaintiff is entitled to these costs under the FLSA, 29 U.S.C. § 216(b), and under Rule 54(d).

11. Accordingly, Plaintiff requests a total award of costs and attorneys' fees in the amount of $33,752.40.

12. In support of this Motion, Plaintiff attaches hereto and incorporates herein the following exhibits:

    Ex. 1    Billing Entries Spreadsheet Sorted by Date;
    Ex. 2    Declaration of Attorney Josh Sanford; and
    Ex. 5    Costs Invoice

13. This Motion is supported by a contemporaneous Memorandum Brief.

WHEREFORE, Plaintiff respectfully requests that his Motion for Costs and Attorneys' Fees be granted in its entirety, that the Court award Plaintiff fees and costs in the amount of $33,752.40 and for all other just and equitable relief to which Plaintiff may be entitled.

Page 3 of 4
Sean Harrison, et al. v. Hog Taxi, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5025-TLB
Plaintiff's Motion for Costs and Attorneys' Fees

Respectfully submitted,

**SEAN HARRISON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 4 of 4**
**Sean Harrison, et al. v. Hog Taxi, LLC, et al.**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5025-TLB**
**Plaintiff's Motion for Costs and Attorneys' Fees**