IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SEAN HARRISON, individually and on
behalf of all others similarly situated                              PLAINTIFF

V.                          CASE NO. 5:19-CV-5025

HOG TAXI, LLC, MELISSA REYNOLDS,
and TIMOTHY REYNOLDS                                                 DEFENDANTS

**OPINION AND ORDER**

The parties in this case reached a settlement and filed a Joint Motion for Approval of Settlement Agreement (Doc. 66). At the Court's request, the parties also filed a Supplement to the Motion (Doc. 71). Also before the Court is Plaintiff's Motion for Attorney Fees and Costs (Doc. 67) and a Memorandum Brief in Support (Doc. 68). Defendants filed a Response in Opposition (Doc. 70), and Plaintiff filed a Reply (Doc. 74). Since both Motions are now ripe for decision, the Court will take up each in turn. For the reasons below, the Court **GRANTS** the Joint Motion for Approval (Doc. 66) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Attorney Fees and Costs (Doc. 67).

**I. JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Sean Harrison was a taxi driver for Defendant Hog Taxi, LLC, owned by Defendants Timothy and Melissa Reynolds. Mr. Harrison alleged, on behalf of himself and others similarly situated, that the drivers were employees covered by the Fair Labor Standards Act ("FLSA") and that Defendants failed to pay them the minimum wage for all hours worked.[1] Three other drivers opted in to the collective action (together with Mr.

---

[1] Mr. Harrison also brought an individual claim for minimum wage violations under the Arkansas Minimum Wage Act ("AMWA").

1

Harrison, "Plaintiffs").  Defendants asserted in response that Plaintiffs were independent contractors, not employees entitled to an hourly minimum wage, and were adequately compensated regardless of classification.  Discovery revealed that Defendants did not have comprehensive time and payroll records.  After two settlement conferences conducted before Magistrate Judge Mark E. Ford, the parties reached a settlement and filed the instant Joint Motion seeking this Court's approval of the agreement.

Before a court approves an FLSA settlement agreement, it must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.*, 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015) (citations omitted). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC*, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). If the court determines that there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties. Such a determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id*. (citing *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132–33 (D.D.C. 2014)).

The Court is persuaded that a bona fide dispute exists in this case.  The parties disagreed as to whether Plaintiffs were appropriately classified as employees entitled to minimum wage under the FLSA, the amount of unpaid wages that would be owed to

Plaintiffs if they were entitled to minimum wage, and whether Defendants' alleged violation of the FLSA was willful. The Court is also satisfied that the settlement is fair and reasonable. The parties engaged in discovery, including production of time and payroll records, and reached a settlement after two days of arms-length negotiations presided over by Judge Ford. Based on the representations in the requested Supplement (Doc. 71), the Court is persuaded that the settlement agreement represents a reasonable recovery for each Plaintiff, balancing the expense and uncertainty of proceeding on the merits against each Plaintiff's estimated damages.

## II.  MOTION FOR ATTORNEY FEES AND COSTS

When a judgment is awarded to the plaintiff in an FLSA action, the defendant is also liable for the plaintiff's reasonable attorneys' fees and litigation costs.  *See* 29 U.S.C. § 216(b).  Here, Mr. Harrison requests $32,297.50 in attorneys' fees and $1,454.90 in litigation costs.  Defendants oppose the request as unreasonable.

### A. Background

A more fulsome discussion of the procedural history of the case is appropriate in determining the reasonableness of the requested fees.  Mr. Harrison initiated this suit almost two years ago, in February 2019.  The original complaint alleged violations of state and federal minimum wage and overtime laws.  *See* Doc. 1.  Defendants moved to dismiss, pointing out that taxi drivers are exempt from overtime requirements under both the FLSA and the AMWA.  *See* Docs. 7 & 8.  Mr. Harrison then filed his first amended complaint, which removed the overtime allegations.  *See* Doc. 9.  Defendants filed a second motion to dismiss arguing that the factual allegations in the first amended complaint, which were identical to those in the original complaint, were insufficient to

establish a minimum wage violation under the federal pleading standard.  *See* Docs. 10 & 11.  The Court agreed and granted Defendants' second motion to dismiss but also granted Mr. Harrison leave to try again to plead his claims.  *See* Doc. 24.  Mr. Harrison then filed the operative Second Amended Complaint, which brings the same individual and collective claims for violations of minimum wage laws and includes more substantive factual allegations to support those claims.  *See* Doc. 28.

The Court's case management order set June 14, 2019, as the deadline for Mr. Harrison to file a motion for conditional certification of a collective action.  On June 28, Mr. Harrison filed a motion for extension of time to file a motion for collective action, explaining that Plaintiff's counsel, the Sanford Law Firm ("SLF") had recently transitioned to a new case management software and the motion deadline was not calendared properly.  *See* Docs. 30 & 32.  The proposed motion for certification was attached as an exhibit.  Defendants opposed the motion for extension, arguing that a calendaring error was not good cause, but did not identify any prejudice from the delay.  *See* Doc. 31.  The Court granted the requested extension for good cause shown and lack of evidence of any prejudice to Defendants.  *See* Doc. 34.

The Court certified a collective action under the FLSA in September 2019 and permitted notice to be sent to putative class members.  *See* Doc. 41.  The discovery and dispositive motion deadlines, initially set for early 2020, were extended several times because Defendants had difficulty producing requested documents and because of the challenges presented by the onset of the COVID-19 pandemic.  *See* Docs. 47–53.  After many months of delay, Mr. Harrison filed a motion to compel discovery responses in May 2020.  *See* Doc. 56.  Following the first settlement conference, Defendants finally

provided the requested documents, and Mr. Harrison withdrew his motion to compel.  *See* Doc. 59.  The parties held a second settlement conference with Judge Ford on June 11, 2020, after which a final settlement was reached.

### B. Legal Standard

In determining a reasonable attorney fee award in FLSA cases, the starting point is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. Then, "in extraordinary circumstances" the Court may adjust the lodestar, but "there is a strong presumption that the lodestar is sufficient." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010).

"The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Morales v. Farmland Foods, Inc.*, 2013 WL 1704722, at *5 (D. Neb. Apr. 18, 2013) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)).  "A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys."  *Vines v. Welspun Pipes, Inc.*, 2020 WL 3062384 (E.D. Ark. June 9, 2020) (quoting *Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991)) (modifications adopted).  "An attorney fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales*, 2013 WL 1704722, at *7 (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.  A district court has discretion to determine the number of hours

to be awarded when conducting the lodestar calculation. *See Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014) (reviewing the district court's decision to classify hours as excessive for abuse of discretion and "giving due deference to the district court's unique understanding of the legal and factual issues implicated by this matter and counsel's handling of them"). In exercising this discretion, the court "should weigh the hours claimed against [the court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotation omitted).

### C. Discussion

As an initial matter, the Court accepts the hourly rates requested by SLF as reasonable. There was no opposition by Defendants to the hourly rates of the attorneys for whose time SLF seeks reimbursement—Josh Sanford, Joshua West, Tess Bradford, and Vanessa Kinney—and the Court agrees that the requested rates are reasonable for attorneys of their level of experience practicing in Northwest Arkansas.

Next, the Court must determine how many hours are reasonably compensated at those rates. In support of the Motion, SLF submitted billing records reflecting 281 hours of work. In auditing these records to remove time that might be considered excessive, redundant, or otherwise unnecessary, SLF reduced the hours by approximately 40%, to 162.1, for which it requests $32,297.50 in attorneys' fees. Defendants argue that the compensable hours should be further reduced, though they do not specify what they believe a reasonable number of hours would be. First, Defendants point out that Mr. Harrison twice failed to plead a claim for which relief could be granted and should not be able to recover for time spent on the original and first amended complaints. Second,

6

Defendants argue that Plaintiff should not be able to recover for time associated with the motion for extension of time to file for preliminary certification of a collective action because that need arose from Plaintiff's counsel's calendaring error.  Third, Defendants object to the amount of time spent on in-house conferences.  Fourth, Defendants assert that the time SLF categorized as "discovery" and "damages calculations" "would cover much of the same subject matter" and "should be reduced in proportion to work required of this case and further reduce to those entries that are actually compensable and directly related to their conduction of discovery."  (Doc. 70, pp. 3–4).  Fifth, Defendants argue that billing for a second attorney's attendance at the settlement conferences is unreasonable.  Sixth, Defendants ask the Court to reduce the compensable time spent on the fee petition and to take into account that the billing records are full of consecutive billing entries for .1 hours, arguing that these activities were likely billed in this manner because it is the smallest unit of billable time and not because they actually took that long to complete.  Instead, Defendants argue, such activities should have been combined into single entries for the same amount of time.  Thus, Defendants ask that the Court reduce by half the time billed to "case management," "in house conference," "discovery," and "settlement related" and that the fee petition be reduced to three hours.

As to Defendants' first objection, the Court agrees that it is not reasonable for a firm like SLF, which specializes in FLSA and AMWA litigation, to need more than one attempt to adequately plead a plaintiff's claims.  Only time spent on one complaint is reasonable.

The Court also agrees with Defendants' second objection.  While the Court concluded, in ruling on the motion for extension of time, that it was not appropriate to

foreclose Mr. Harrison's claims on behalf of others similarly situated because of his attorney's calendaring error, it does not follow that Defendants should have to bear the cost of that mistake. Just as a reasonable law firm would not bill a fee-paying client for fees incurred while rectifying its own error, it would be unreasonable for SLF to pass the cost of its mistake on to Defendants in this matter. This is true even if the Defendants' opposition made rectifying the error more costly. Time spent on the motion for extension of time is not reasonable.

Turning to the time spent in conference with other attorneys at the firm, the Court notes that this is an issue that has been raised repeatedly in cases involving SLF. The Court observes that the billing records reflect that for the most part, the attorneys billed only once for conferences among multiple attorneys at the firm and reduced that category from 53.8 hours to 18.5 hours, a reduction of 65%. However, in reviewing the billing records, the Court sees a few places where conversations between two attorneys were billed twice and finds it reasonable to reduce this category slightly more.

Next, the Court agrees that a reasonable fee only encompasses "work required of the case" and hours "that are actually compensable and directly related" to discovery. (Doc. 70, pp. 3–4). Unfortunately, Defendants have failed to indicate which billed entries they consider excessive, unrelated, or otherwise not compensable, nor have they offered any specific basis for the assertion that certain categories of time should be reduced by 50%. The Court has reviewed the 69 pages of billing records SLF submitted, *see* Doc. 67-1, and cannot determine from the descriptions therein that the work billed, which has already been reduced by 10% in the "discovery" category and 80% in the "damages calculations" category, was not necessary for and directly related to the case. Without

8

specific insight from Defendants as to how many hours of work would have been appropriate for dealing with discovery matters and damages calculations in this case, the Court has no standard by which to reduce the amount beyond the reduction SLF already made voluntarily.

The Court is more sympathetic to Defendants' argument that only one attorney was needed to represent the four plaintiffs at the two settlement conferences.  Two attorneys each billed 3.9 hours for the conference on May 21 and 5.3 hours for the conference held on June 11.  The Court finds that only one attorney's time is reasonable.

Turning to the time spent on the fee petition, the Court also agrees that Defendants should not have to pay for the fact that SLF has had to put some effort into regaining its credibility with the courts when it comes to its billing practices, and even the reduced time of 7.6 hours would be unreasonable to bill a fee-paying client.  However, the Court notes that the spreadsheets and tables were helpful to the Court and could have been helpful to Defendants in making more specific challenges to the billing, had they chosen to do so.  The Court also finds SLF's Reply in support of its billing records reasonable and includes the request for fees for the Reply in determining a reasonable fee award.

Finally, while the Court takes the point that the majority of entries in the record are for increments of .1 hours and that time perhaps could have been used more efficiently, the Court also notes that SLF made several reasonable moves in its self-audit, including omitting time spent by staff and paralegals and by attorneys performing clerical tasks, reducing by nearly half the time billed by Josh Sanford, who generally performed oversight and review tasks, and overall reducing its billed time by 40%.

In sum, while this case was not complicated and only three plaintiffs opted in to the collective action, it was more hard-fought than many cases brought by SLF that end in settlement. A collective action was certified and notice sent out. Defendants opposed a motion for extension of time by Plaintiffs and then sought two themselves because of the issues that they had with locating contact information for potential class members. *See* Docs. 47 & 49. This increased the amount of back-and-forth between the parties that was necessary. Delays with discovery went on so long that Plaintiff was obliged to file a motion to compel. *See* Doc. 56.

For these reasons, and in light of the discussion above, the Court finds that an additional reduction of approximately 15%, to a total of 135 hours, is sufficient to bring the hours billed in line with what is reasonable, given the Court's knowledge of this case and how it developed. This reduction of 27.1 hours includes 2.1 hours billed for the second amended complaint, 12.4 hours associated with the motion for extension of time,[2] 9.2 hours billed for the appearance of a second attorney at each of the settlement conferences, and 2.6 hours of the time spent on the fee petition, along with other individual line items that were redundant or unnecessary.

Dividing the requested fee of $32,297.50 by the requested 162.1 hours yields a blended hourly rate of $199.24. The Court multiplies this blended hourly rate by 135 hours for a total of $26,897.40. There is no objection to the $1,454.90 requested for costs, and that amount is also approved. In sum, the Court awards Plaintiff $28,352.30 in attorneys' fees and costs.

---

[2] *See* Doc. 67-1, pp. 21–26.

## III. CONCLUSION

For the reasons stated above, the Court finds that the parties' proposed settlement agreement should be approved as fair and reasonable. The parties' Joint Motion for Approval of Settlement Agreement (Doc. 66) is hereby **GRANTED**. Plaintiff's Motion for Attorney Fees and Costs (Doc. 67) is **GRANTED IN PART AND DENIED IN PART**. Defendants shall be liable for $28,352.30 in attorneys' fees and costs. Plaintiffs' claims against Defendant are hereby **DISMISSED WITH PREJUDICE.** The Court shall retain jurisdiction over the terms of the settlement agreement.

**IT IS SO ORDERED** on this 18th day of December, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE