IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SEAN HARRISON, individually and on
behalf of all others similarly situated                                    PLAINTIFF

V.                              CASE NO. 5:19-CV-5025

HOG TAXI, LLC, MELISSA REYNOLDS,
and TIMOTHY REYNOLDS                                                       DEFENDANTS

## OPINION AND ORDER

Before the Court is a Motion for Entry of Judgment and a Brief in Support (Docs. 80 & 81) filed by Plaintiff Sean Harrison on behalf of himself and the opt-in members of the collective action (collectively, "Plaintiffs"). Plaintiffs assert that Defendants Hog Taxi, LLC, Melissa Reynolds, and Timothy Reynolds are in default on their obligations under the Settlement Agreement (Doc. 66-1) and seek entry of judgment as to all Defendants on both the amount owed to Plaintiffs pursuant to the Settlement Agreement and the amount of attorney fees and costs awarded to Plaintiffs' counsel by the Court. In their response (Doc. 82), Defendants do not deny that Hog Taxi is in default on its obligations under the Settlement Agreement, nor do they dispute the amount of the judgment sought. However, they point to language in the Agreement that limits the liability of the individual Defendants and argue that judgment should enter as to Hog Taxi only. As explained below, the Court agrees that the plain language of the Settlement Agreement makes judgment appropriate only as to Hog Taxi, LLC. Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion (Doc. 80) and will enter judgment accordingly.

The parties' Settlement Agreement provides that "Hog Taxi agrees to pay the Plaintiff and Opt-in Plaintiffs individually for settlement of their claims raised" in the

litigation. (Doc. 66-1, p. 2). The Agreement further specifies an amount payable to Mr. Harrison and each opt-in member. *Id.* at p. 3. In its Opinion and Order of December 18, 2020, the Court granted approval of the Settlement Agreement and made no other statement regarding liability for the agreed amounts payable to Plaintiffs. *See* Doc. 79. As to default, the Settlement Agreement provides, in relevant part, that "[s]hould Hog Taxi, LLC default on its payment obligations hereunder to any Plaintiff . . . by failing to pay the full monthly amount owed on the first of each month, such Plaintiff is entitled to the entry of a consent judgment against Hog Taxi . . . ." (Doc. 66-1, p. 4). Thus, the plain language of the Settlement Agreement makes Hog Taxi, LLC, and not the individual Defendants, responsible for the payments to Plaintiffs. Judgment against Hog Taxi is therefore the appropriate remedy for default on the payments to Plaintiffs.

> Regarding attorney fees and costs, the Settlement Agreement provides that:
>
> Plaintiff hereby waives any claim that any attorneys' fees and costs sought from the Court shall be attributable to either Separate Defendants Tim or Melissa Reynolds individually, unless they become the sole remaining successors, beneficiaries, assigns, donees, or subsidiaries of Hog Taxi and Hog Taxi defaults on its obligations under this Agreement.

*Id.* at p. 2.[1] In granting in part and denying in part a motion for attorney fees and costs, the Court ordered that "Defendants shall be liable for $28,352.30 in attorneys' fees and costs." (Doc. 79, p. 11). A few days later, counsel for Defendants contacted chambers via email expressing the concern that the "judgement is entered against all defendants but the settlement agreement approved (Doc. 66.1) contained the agreement that the

---

[1] In addition to this explicit waiver regarding attorney fees and costs, paragraph 7 of the Settlement Agreement provides, in relevant part, that "[s]hould Hog Taxi, LLC default on its payment obligations hereunder to . . . Plaintiff's Counsel for . . . attorney fees and costs by failing to pay the full monthly amount owed on the first of each month, such Plaintiff is entitled to the entry of a consent judgment against Hog Taxi . . . ." (Doc. 66-1, p. 4).

judgement would only be against Hog Taxi, LLC, and that the individual defendants would not be individually liable." (Doc. 80-2, p. 1). Via email, chambers responded, "The Court does not consider its Opinion and Order of December 18, 2020, to be inconsistent with the terms of the Settlement Agreement, nor does the Court's Opinion and Order modify the contractual agreement between the parties." *Id.* at p. 2. Neither party filed a motion seeking further clarification or relief.

The language from the Settlement Agreement quoted above plainly describes a specific situation in which Tim and Melissa Reynolds are individually liable for the attorney fees and costs ordered by the Court: if Hog Taxi defaults on its obligations and the individual Defendants are the sole remaining successors, beneficiaries, assigns, donees, or subsidiaries of the LLC. There is no evidence before the Court that this specific situation has come to pass. Therefore, under the terms of the Settlement Agreement, it is not appropriate for Plaintiffs to seek a judgment against Tim or Melissa Reynolds individually. This is not inconsistent with the language of the Court's order since the Settlement Agreement contemplates a situation in which the individual Defendants may be liable. But as the Court made clear in response to the parties' emails, the Court's Opinion and Order of December 18, 2020, did not modify the terms of the Settlement Agreement.

For these reasons, Plaintiff's Motion (Doc. 80) is **GRANTED IN PART AND DENIED IN PART**. The Court will enter judgment as to Hog Taxi, LLC.

IT IS SO ORDERED on this 20th day of July, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE